IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2865-STA-egb |
| | ) | |
| CENTURION; TENNESSEE | ) | |
| DEPARTMENT OF CORRECTION; | ) | |
| JASON WOODAL, Deputy | ) | |
| Commissioner of Operation; | ) | |
| JAMES HOLLOWAY, warden; | ) | |
| STANLEY DICKERSON, AWO; | ) | |
| NATALIE VOSS, nurse and health | ) | |
| administrator; DR. WILLIAM CONWAY; | ) | |
| DR. JORGE BENITEZ, director; | ) | |
| ALISHA HURDLE, RN/ADON; | ) | |
| JASON GILBERT, grievance chairperson; | ) | |
| JOHN AND JANE DOE; | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING CLAIMS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On October 26, 2016, Plaintiff Timothy Young, who is currently incarcerated at the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis* (ECF Nos. 1 & 2). Plaintiff initiated his suit in the United States District Court for the Middle District of Tennessee, though his complaint concerns events alleged to have taken place at the West Tennessee State Penitentiary in Henning, Tennessee. In an order (ECF No. 4) issued November 1, 2016, the United States District Court for the Middle District of Tennessee, Nashville Division, granted

Plaintiff leave to proceed *in forma pauperis*, assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), and transferred the case to this Court.

The Clerk shall record the defendants as Centurion, Tennessee Department of Correction ("TDOC"), TDOC Deputy Commissioner of Operations Jason Woodall, Former WTSP Warden James Holloway, WTSP Former Assistant Warden Stanley Dickerson, Dr. William Conway, Dr. Jorge Benitez, Nurse Alisha Hurdle, Nurse Natalie Voss,[1] and Grievance Chairperson Jason Gilbert.[2]

## **BACKGROUND**

Young alleges that on January 18, 2015, he got sick and was bedridden until January 23, 2015. At that time Young was taken to the infirmary. Dr. Benitez examined Young and diagnosed him with kidney stones. Dr. Benitez gave Young antibiotics and pain medication and sent him back to the pod to "pass the stone." (Compl. at ¶¶ 11 & 12, *see also* Grievance No. 312565, ECF No. 2 at 5-12.) On January 26, 2015, Young again went to the infirmary and was kept overnight; however, he was not examined by medical staff. (*Id.* at ¶ 13.) On January 27, 2015, Nurse Chisolm, who is not a party to this complaint, performed tests on Young and sent him to the Lauderdale County Community Hospital. There, an ER doctor advised Young he was extremely sick and sent Young to the ICU unit at Mayberry Medical Hospital. (*Id.* at ¶ 14.)

---

[1]The Clerk is **DIRECTED** to add Defendants Voss and Gilbert as they are named in the pleadings (ECF No. 1 at 3).

[2]The complaint also purports to sue "Jane and John Doe" defendants. Service of process cannot be made on a fictitious party. The filing of a complaint against a "John Doe" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). The Clerk is directed to terminate the reference to the Jane and John Doe defendants on the docket.

According to Young, a doctor at Mayberry told him his kidneys had shut down. (*Id.*) On February 28, 2015, Young was moved from ICU to the seventh floor of the hospital for observation and therapy, and on February 6, 2015 he was sent to Lois DeBerry Special Needs Facility and taken off all medications. (*Id.* at ¶¶ 15 & 16.) On February 7, 2015, Young was given over the counter Tylenol and Colace. On February 9, 2015, Young saw a nurse-practitioner who ordered bed rest and advised Young he would not change Plaintiff's medication or order a wheelchair. On February 11, 2015, a Dr. Nwozo, who is not a party to this action, ordered Tylenol with codeine for Young and cleared him to return to WTSP on February 20, 2015. (*Id.* at ¶¶ 18-20.) On February 24, 2015, Young saw Dr. Benitez who ordered Young a wheelchair, a walker, and a two-week supply of Ensure, though Young claims he was denied the Ensure. (*Id.* at ¶ 22.)

On May 18, 2015, Young filed a grievance against Centurion, TDOC, and WTSP for deliberate indifference and alleged that Dr. Benitez had misdiagnosed him. Young specifically alleged Benitez knew or should have known Young's condition could worsen, potentially causing renal failure and ultimately placing Young's life at risk. (*Id.* at ¶ 23.)

Young further alleges he was denied due process by Defendants Voss, Gilbert, Dickerson, and Woodall regarding their response to grievance number 312565. Specifically, Young alleges denial of his due process on three separate occasions: (1) on September 1, 2015, when Defendant Voss filed a fraudulent response to Young's grievous and stated that Young was seen and diagnosed as having possible kidney stones prior to a lab report being received (*Id.* at ¶ 24, *see also* Ex. L, ECF No. 2 at 15); (2) on September 10, 2015, when Defendant Gilbert deemed Young's grievance to be "inappropriate/medical [diagnosis] (see Ptf's Exhibit A)" and September 15, 2015, when Defendant Dickerson responded by agreeing with Defendant

3

Gilbert's assessment, (*Id.* at ¶ 25, *see also* Ex. J., ECF No. 2 at 13); and (3) on October 21, 2016, when Defendant Woodall concurred with the Supervisor (*Id.* at ¶ 26, *see also* Ex. M., ECF No. 2 at 16), presumably Defendant Gilbert.

Based on these factual allegations, Young seeks an injunction ordering regular laboratory testing and regular evaluation by a kidney specialist, with subsequent treatment as advised by the specialist, as well as compensatory and punitive damages against Defendants. (*Id.* at p. 4-5.)

## **SCREENING STANDARD**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly,* 550 U.S. at 555 n.3 ("Rule

8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F.

App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## **ANALYSIS**

Young filed his complaint on the official form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## I. Claim against Centurion

The Court holds that the complaint fails to state a claim against Centurion. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). Like a municipality, a private corporation "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a § 1983 claim against a private corporation, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.* In this case the complaint does not allege that Young suffered any injury because of an unconstitutional policy or custom of Centurion. Therefore, Young's claim against Centurion is **DISMISSED**.

## II. Claim against TDOC

The Court construes Young's claims against TDOC as claims against the state of Tennessee itself. However, Young cannot sue the state of Tennessee under 42 U.S.C. § 1983.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Emps. of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). By its terms, the Eleventh Amendment bars all suits, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01. Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Young's claim against TDOC is **DISMISSED**.

**III. Claim against Defendant Hurdle**

The complaint names Nurse Alisha Hurdle as a Defendant but contains no factual allegations showing that Nurse Hurdle took any action or failed to take action in any way to cause Young an injury. When a complaint fails to allege any action on the part of a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Young's claim against Nurse Hurdle Hurdle is **DISMISSED**.

**IV. Claims against Defendants for Medical Indifference**

Young alleges that Dr. Benitez's misdiagnosis violated his rights under the Eighth Amendment. "The right to adequate medical care is guaranteed to convicted federal prisoners by the Cruel and Unusual Punishments Clause of the Eighth Amendment, and is made applicable to convicted state prisoners and to pretrial detainees (both federal and state) by the Due Process Clause of the Fourteenth Amendment." *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). "A prisoner's right to adequate medical care 'is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs.'" *Id.* at 874 (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)); *see also Santiago v. Ringle,* 734 F.3d 585, 590 (6th Cir. 2013) (same). "Although the right to adequate medical care does not encompass the right to be diagnosed correctly, [the Sixth Circuit] has long held that prison officials who have been alerted to a prisoner's serious medical needs are under an obligation to offer medical care to such a prisoner." *Johnson*, 398 F.3d at 874 (internal quotation marks and citation omitted).

An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Curtin*, 631 F.3d at 383; *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component of an Eighth Amendment claim requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 897 (internal quotation marks and citations omitted); *see also Santiago,* 734 F.3d at 590 (same); *Johnson*, 398 F.3d at

9

874 (same). The Court holds that Plaintiff's kidney issues are a serious medical need. *See, e.g., Hendricks v. DesMarais*, No. 2:11-cv-40, 2013 WL 5408258, at *5 (S.D. Ohio Sept. 25, 2013); *Holder v. Lawson*, No. 3:10CV-P512-H, 2010 WL 3277131, at *2 (W.D. Ky. Aug. 17, 2010).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he or she had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus,

> *[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.* This approach comports best with the text of the Eighth Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at 837-38 (emphasis added; citations omitted); *see also Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005) ("If the officers failed to act in the face of an obvious risk of

which they should have known but did not, then they did not violate the Fourteenth Amendment.").

This is a case in which a prisoner received some medical treatment, but he contends that a more appropriate treatment was withheld from him. "'[T]hat a [medical professional] has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment.'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "The requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock*, 273 F.3d at 703. "When a doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id.*; *see also Johnson*, 398 F.3d at 875 (same). "'[D]eliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Comstock*, 273 F.3d at 703 (quoting *Farmer*, 511 U.S. at 836). The failure to approve a consultation with a specialist does not establish deliberate indifference. "A medical decision not to order an X-ray, or like measures, does not represent cruel or unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court." *Estelle*, 429 U.S. at 107.

Young alleges Dr. Benitez diagnosed him with kidney stones and prescribed a treatment for that ailment. Where a plaintiff has received some medical treatment, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Burgess v. Fischer*, 735 F.3d 462, 476 (6th Cir. 2013) (quoting

*Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Young's claims, even if valid, are grounded in negligence or medical malpractice, neither of which suffice to support a § 1983 claim. Therefore, Young's Eighth Amendment claim against Dr. Benitez is **DISMISSED**.

## V. Claims for Denial of Due Process

Young's claims against Defendants Gilbert, Dickerson, and Woodal related to each Defendant's role in processing or denying Young's grievances. "[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation." *Simpson v. Overton*, 79 F. App'x. 117, 120 (6th Cir. 2003); *see also Martin v. Harvey*, 14 F. App'x. 307 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *see also Reed-Bey v. Pramstaller*, 607 F. App'x 445, 451 (6th Cir. 2015).

In addition to claims regarding the grievance process itself, Young claims that Defendant Voss made a false statement in her response to his grievances. There ordinarily is no right of action against a witness who testifies falsely at trial. In *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983), the Supreme Court held that police officers are absolutely immune from suits for money damages for alleged perjury during criminal trials. In so holding, the Supreme Court stated that private parties who testify in court traditionally have been immune from damages under § 1983. *See id.* at 330-34. Although a prison disciplinary proceeding is not precisely equivalent to a criminal trial, several courts have applied *Briscoe* to bar suits against prison employees who testify falsely at disciplinary hearings. *See, e.g.*, *Thomas v. Calero*, 824 F. Supp. 2d 488, 499 (S.D.N.Y. 2011) (report and recommendation adopted by district court); *McCullon v. Brouse*,

12

Civ. No. 3:10-CV-1541, 2011 WL 1398481, at *8 (M.D. Pa. Mar. 24, 2011) (report and recommendation), *adopted*, 2011 WL 1419650 (M.D. Pa. Apr. 13, 2011); *Crumbley v. Dawson*, No. 9:09cv14, 2010 WL 2209189, at *5 (E.D. Tex. May 28, 2010); *Gibson v. Roush*, 587 F. Supp. 504, 506 (W.D. Mich. 1984). Other courts have held that, where a prisoner has received the process that is due, he has no due process claim arising from even false testimony at a disciplinary hearing. *See Crumbley*, 2010 WL 2209189, at *5 ("[T]he prisoner has a right to due process in the proceeding, which process can be provided only by the hearing officer, not by a witness, whether favorable or unfavorable.").

Young does not have any valid claims against Defendants Voss, Gilbert, Dickerson, or Woodall regarding their handling of his grievance or their part in the grievance process. Therefore, these claims against the aforementioned Defendants are **DISMISSED**.

## LEAVE TO AMEND

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints

13

subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). The Court has no reason to conclude an amendment would support Young's claims against the defendants.

## **APPEAL ISSUES**

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is **CERTIFIED**, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the

Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

## CONCLUSION

The Court **DISMISSES** Young's *pro se* complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1). Leave to amend is **DENIED** because the deficiencies in Young's *pro se* complaint cannot be cured.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 30, 2017.